```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

LASONYA MOORE,                  )
                                )
         Plaintiff              )
                                )         No. 1:09-0055
V.                              )         Judge Campbell/Brown
                                )
UCAR CARBON COMPANY, INC.,      )
                                )
         Defendant              )

**TO:  THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

Presently pending before the undersigned is the Defendant's motion for summary judgment (Docket Entry 27) to which no response has been filed.  For the reasons stated below, the Magistrate Judge recommends that this motion be **GRANTED** and that this case be dismissed with prejudice.

## BACKGROUND

This case was originally filed in the Eastern District of Tennessee and transferred to this district on August 21, 2009 (Docket Entry 9).  Subsequently, Judge Echols referred the matter to the undersigned for case management and for a report and recommendation on any dispositive motions.  A case management order was entered (Docket Entry 19) that provided that the discovery was due by March 31, 2010, and dispositive motions were due by May 17, 2010.  The Defendants in the matter filed their first (and only)

motion for summary judgment on July 29, 2010 (Docket Entry 27).[1] The docket sheet does not reflect that the Plaintiff ever responded to the motion for summary judgment or to the statement of uncontested facts, which were attached to the motion.

As an initial matter, the Magistrate Judge would note that since the Plaintiff has not responded to the motion for summary judgment, under Local Rule 7.01(b), failure to file a timely response shall indicate there is no opposition to the motion. Nevertheless, the Magistrate Judge has carefully reviewed the motion on its merits. The complaint (Docket Entry 3) alleges that the Plaintiff ". . . was discriminated against by UCAR Carbon Company and denied employment at the time of filing a charge through EEOC based on sex and race." The complaint further alleges "I was denied employment at UCAR Carbon Company. I have a college degree and 15 years' work experience. The company refuses to hire black females. This was the second time that I applied at UCAR. I was discriminated against based on my race and sex. I passed all the pre-employment tests at the highest possible scores."

The Defendant in its memorandum in support of the motion for summary judgment (Docket Entry 27-1) attached a statement of material facts (Docket Entry 27-2) to which the Plaintiff has not

---

[1] Although the motion for dispositive motion was filed outside the deadline, the Magistrate Judge is nevertheless considered it as no prejudice has been shown to the Plaintiff in attempting to resolve this matter before trial.

responded. Under Local Rule 56.01(g) failure to respond to a moving party's statement of material facts within the time period provided by the these Rules shall indicate that the asserted facts are not disputed for purpose of summary judgment. The Defendant's statement of material facts (Docket Entry 27-2) states that the Plaintiff applied for employment on or about May 7, 2007, and was interviewed by UCAR management on May 15, 2007. During the interview process the Plaintiff was told by UCAR that they were not only looking for current hires, but also a pool of people to hire at a later time as the need arose. They state that on May 31, 2007, the Plaintiff received a letter from UCAR informing her that the position that she had applied for had been filled, but that her application would be kept on file for further consideration.

They state that in October of 2007, UCAR left a telephone message with the Plaintiff that UCAR was hiring again and inquired if she was still interested in the position. They state that the Plaintiff declined the October offer from UCAR and finally they state that other than the fact that the Plaintiff was not initially offered a job by UCAR, Plaintiff has no evidence or knowledge that UCAR discriminated against her based on her sex or race.

The affidavit of Mr. Gentry (Docket Entry 27-3) goes into considerable detail concerning the process the company employs in ranking applicants and the particular process they used with the Plaintiff's application.

**LEGAL DISCUSSION**

The Defendant's memorandum in support of their motion (Docket Entry 27-1) correctly sets out the law in this matter. There is no direct evidence of discrimination in the matter and therefore the Plaintiff's case must rest on circumstantial evidence. The Court must apply the well-known *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973) test.

The Defendant does not contest that Plaintiff is a member of a protective class and that she applied for an open position with the Defendant for which she was qualified and that she was not initially offered a position. However, their position is that she was not as well qualified as other candidates, based on standardized testing and interview process. They also point out that the initial five job offers included a white female and an African-American male.

They further cite to Plaintiff's deposition testimony (Docket Entry 27-4, p. 5-7)[2]. The only reason cited by Plaintiff that she was discriminated against is that they only hired white males and that she was not offered a position until after the

---

[2]The Magistrate Judge is using the page numbering assigned by the ECF system, rather than the deposition page number.

lawsuit was filed. She admits that she has no other evidence of why she was not hired.[3]

Defendant has come forward with an explanation of why it did not initially hire the plaintiff--that is that she scored 12th and they initially filled only five positions, and that in attempting to fill the initial five positions, they offered positions to a white female and a black male.

Having put forth a nondiscriminatory reason for a decision not to include Plaintiff in the initial hiring, the Plaintiff must come forward with some evidence that this reason was not its true reason, but merely a pretext for discrimination. *Texas Department of Community Affairs v. Berdine*, 450 U.S. 248 (1981).

Unfortunately for the Plaintiff, she has failed to respond to the statement of uncontested facts or to this motion and therefore she has totally failed to come forward with any evidence to show that Defendant's stated reasons for not initially offering her a position are pretexted. As such, her claim must fail as a matter of law.

---

[3] Although the Plaintiff refers to the filing of the lawsuit, the Magistrate Judge understands this to be most likely a reference to the time she filed her complaint with the EEOC. However, there is no showing that the company was aware of the EEOC complaint at the time it attempted to contact her to offer her a position in October, 2007.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be **GRANTED** and this case be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of January, 2011.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge